NO. 07-03-0219-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 12, 2004


______________________________




LYNDA RISINGER-HERSEY AND REGINALD S.Y. LEE, APPELLANTS



V.



CYNTHIA HERSEY, TRUSTEE OF THE FRANK J. HERSEY FAMILY TRUST,


JUSTIN HERSEY AND TRAVIS HERSEY, ET AL., APPELLEES



________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF MONTGOMERY COUNTY;



NO. 01-15925-P; HONORABLE DENNIS WATSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ORDER


 Notice of appeal of a judgment entered by the trial court on February 3, 2003 was
filed in this matter on April 28, 2003. Following a suspension due to the bankruptcy filed
by one of the parties, the appeal was reinstated on September 23, 2003. The trial court
clerk was advised of the reinstatement of the appeal and that the clerk's record would be
due on October 23, 2003. In a request for an extension of the due date for filing of the
clerk's record, submitted before the suspension, the trial court clerk advised this Court that
approximately half of the large record had been completed. On October 28, this Court
received a request to extend the time to file the clerk's record, stating that the record was
then approximately 70% completed, and requesting an extension to January 5, 2004. By
letter of October 30, we extended the date for filing the clerk's record to December 19,
2003. The trial court clerk submitted a further request for extension late in December,
advising that the record was then approximately 75% completed and requesting an
extension until June 18, 2004, noting that the clerk must perform the regular duties of office
in addition to preparation of this appellate record. We denied that request by letter of
January 6, 2004, but extended the due date to February 5, 2004. We now have received
yet another request, asking that the due date be extended to May 15, 2004. The request
is accompanied by a letter signed by the chief deputy to the trial court clerk. With the letter,
the chief deputy also has favored us with a print-out of many pages, listing the civil and
probate cases pending before the County Court at Law #1, Montgomery County. The letter
outlines the duties of the person who is responsible in that office for preparation of the
14,000-page record, and advises that the person was ill and out of the office during two
weeks of December and early January. The letter emphasizes the size of the record in this
appeal and the heavy day-to-day demands placed on the clerk's office. 

 Although we are not unsympathetic with the difficulties that can accompany public
service, nonetheless, when the parties to an appeal have met the requirements of the rules,
it is the responsibility of the trial court clerk to prepare, certify, and timely file the clerk's
record. Tex. R. App. P. 35.3(a). The trial and appellate courts share responsibility to insure
than an appellate record is filed timely. Tex. R. App. P. 35.3(c). Accordingly, we order Mark
Turnball, County Clerk of Montgomery County, to file a clerk's record in its Cause No. 01-15925-P, styled Lynda Risinger-Hersey and Reginald S. Y. Lee v. Cynthia Hersey et al.,
in compliance with Texas Rule of Appellate Procedure 34.5. We further order Mark
Turnball to file the clerk's record in a manner by which it will be actually received by the
Clerk of this Court on or before 5:00 p.m. on March 26, 2004. No further motions for
extension of time will be considered. 

 Should the County Clerk of Montgomery County fail to comply with this order by that
date, the Court will consider such other and further measures as may be necessary to
insure compliance with the Court's order. 

 Per Curiam


 



 testimony did not raise
an inference that she, appellant's father, appellant or any of appellant's family had
otherwise lived anywhere but Amarillo. Appellant's father testified that he lived in Amarillo. 
Appellant testified to the jury that he understood he had pled guilty to a first degree felony
and that he could spend the rest of his life in prison. No motion for new trial was filed
claiming appellant was not a citizen of the United States, and no evidence in the record
infers such fact. Moreover, appellant only claims in his brief that the trial court failed to
inquire whether he was a citizen. He does not urge that he is not a citizen and is subject
to deportation because of his plea. Nor does he refer to any evidence to support such a
position or specify any prejudice from the failure to be admonished in regard to possible
deportation if he were not a citizen. 

 Failure to admonish a defendant on the direct consequences of his guilty plea is
statutory rather than constitutional error. See Burnett, 88 S.W.3d at 637. This record does
not demonstrate that the trial judge's error in failing to admonish appellant misled or
harmed appellant. 

 The error was harmless. Id. We overrule appellant's issue and affirm the judgment. 



 Phil Johnson

 Chief Justice



Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.